# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHNNIE FOX, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:19-cv-00919-AKK-JHE |
| SGT. JASPER LAWINSKY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on July 22, 2020, recommending the defendants' special report be treated as a motion for summary judgment and further recommending that the motion be granted in part and denied in part. Doc. 29. The court received Johnnie Fox's objections to the report and recommendation on August 4, 2020. Doc. 30.

Specifically, Fox objects to the dismissal of defendant Milton without prejudice. Doc. 30 at 2. The magistrate judge provided: "Milton has not moved for summary judgment or filed an answer in this case . . . . Because the plaintiff has not moved for a default judgment against Milton (*see* Federal Rule of Civil Procedure 55(b)(2)), the undersigned recommends dismissal of the plaintiff's claims against Milton without prejudice." Doc. 29 at 21, n. 17. Fox argues that "the allegations against Defendant must be taken as true[,]" and Fox should "still be allowed to move

for summary judgment against Defendant Milton." Doc. 30 at 2.  Because Fox has failed to move for a default judgment against Milton pursuant to Federal Rule of Civil Procedure 55(b)(2), the court agrees that his claims against Milton should be dismissed without prejudice.

Fox also objects to the magistrate judge's recommendation to grant summary judgment in favor of Lark, Luitze,[1] and Rogers on his claims against them in their individual capacities for failure to intervene.  Doc. 30 at 2–3.  As to Lark, Fox argues that Lark's statements about retrieving a baton or stick from defendant Santa-Maria are inconsistent, "evidencing that he was trying to hide the truth and save himself and his fellow officer."  *Id.* at 2.  Even if Lark's statements about the baton or stick are inconsistent (which the court does not find to be the case), such an inconsistency does not support Fox's claim against Lark for failure to intervene.  Fox also asserts that Lark "knew" that defendant Santa-Maria was about to assault him and that "[i]t is hard to imagine that [] Lark did not hear [] Fox's cries for help."  Doc. 30 at 3.  And Fox argues that even if Lark was in the cube, "he could still see Fox heading to his cell, bleeding profusely."  *Id.*  These statements are unavailing because they are

---

[1] As noted by the magistrate judge, Fox incorrectly identified Sgt. Jasper Luitze as Sgt. Jasper Lawinsky in his complaint.  Doc. 29 at 1 n.2.

assumptions, and do not show how Lark failed to intervene *before* Santa Maria's alleged assault.²

As to Luitze, Fox's objections are without merit.  Fox argues that "[w]ith all of the assault on inmate allegations, the logical thing to do would have been to witness the incident so that nothing 'strange or illegal' go down between Sgt. and the inmate" and "[t]he fact that [Luitze] and the other officers left to count is to avoid the assault on the inmate by staff, which has become a common practice."  Doc. 30 at 3.  At best, Fox's statements about Luitze are conclusory. They do not amount to evidence that is sufficient to defeat summary judgment.

Fox also objects to the recommendation that the court dismiss his failure to intervene claim against Rogers. As Fox puts it, "Rogers has not provided a work log to support his affidavit prov[ing] that he is not being truthful." Doc. 30 at 3.  Such an assertion is irrelevant, and overlooks that the magistrate judge recommended dismissal of the claim against Rogers because Fox admitted that Rogers arrived in the cell block *after* the alleged assault.  Doc. 29 at 15–16.

For all these reasons, the court adopts the magistrate judge's recommendation that Fox's claims against Lark, Luitze, and Rogers in their individual capacities for failure to intervene be dismissed with prejudice.

---

² Fox argues that Lark "had the duty to intervene and stop Sgt. Santa-Maria from striking him *more*."  Doc. 30 at 3 (emphasis added).  Obviously, Santa-Maria had already assaulted Fox, and Fox has not elaborated on additional attacks.

3

Fox also objects to the magistrate judge's recommendation that his claims for denial of medical care against Luitze and Lark be dismissed. Doc. 30 at 4. Fox argues that because the magistrate judge found in his favor on this claim against Rogers, the magistrate judge should have also found in his favor on the claims against Luitze and Lark. This objection is without merit. Fox also argues that "[i]t is incredible that Sgt. [Luitze] did not witness or see any blood coming from Fox after being struck by Sgt. Santa-Maria," *id.*, and that "Lark could see out of the cube just as Sgt. [Luitze] heard the arguing and should too have saw the blood coming from Fox's mouth." *Id.* Both statements are suppositions and do not constitute evidence. Accordingly, the court also adopts the magistrate judge's recommendation that the claims against Luitze and Lark in their individual capacities for denial of medical care be dismissed with prejudice

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED**, and the recommendation is **ACCEPTED**.

Accordingly, the court **ORDERS** as follows:

1. Defendants' motion for summary judgment on the claims of excessive force, failure to intervene, and denial of medical care against them in their

official capacities for monetary relief is **GRANTED** and the claim is **DISMISSED WITH PREJUDICE**;

2. Defendant Santa-Maria's motion for summary judgment on the claims of excessive force and denial of medical care against him in his individual capacity is **DENIED**;

3. Defendants Luitze, Lark, and Rogers's motion for summary judgment on the claim of failure to intervene against them in their individual capacities is **GRANTED** and the claim is **DISMISSED WITH PREJUDICE**;

4. Defendants Luitze and Lark's motion for summary judgment on the claim of denial of medical care against them in their individual capacities is **GRANTED** and the claim is **DISMISSED WITH PREJUDICE**;[3]

5. Defendant Rogers's motion for summary judgment on the claim of denial of medical care against him in his individual capacity is **DENIED.**

6. Fox's claims for failure to intervene and denial of medical care against Defendant Milton in his individual capacity are **DISMISSED WITHOUT PREJUDICE**.

---

[3] Although Lark was not included in the "V. Recommendation" section of the Report and Recommendation, doc. 29 at 20–21, the magistrate judge concluded that Lark's motion for summary judgment on the plaintiff's claim of denial of medical care against him in his individual capacity was due to be granted. *Id.* at 18–19. Accordingly, Lark's motion for summary judgement is granted, and the claim is dismissed with prejudice.

This matter is **REFERRED** to the magistrate judge for further proceedings.

**DONE** the 2nd day of September, 2020.

                                                   **ABDUL K. KALLON**
                                           UNITED STATES DISTRICT JUDGE